UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARK NORMAN CLEARY,

    Plaintiff,

v.

COUNTY OF MACOMB and WARREN
LAMB,

    Defendant,

                              /

Case No. 06-15505

Honorable Patrick J. Duggan

## **OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 17, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

After spending sixteen years in confinement for a charge that was later dismissed, Mark Norman Cleary ("Plaintiff") filed this lawsuit challenging the constitutionality of his arrest and prosecution. In his December 12, 2006, complaint, Plaintiff alleged ten counts against eight defendants. After an initial series of motions, the case was reduced to Fourth and Fourteenth Amendment claims against the County of Macomb and Warren Lamb ("Lamb"). On the day of the initial scheduling conference–October 10, 2007–the remaining defendants filed a motion for summary judgment on grounds that Lamb is entitled to qualified immunity. To allow Plaintiff to file an informed response to the

motion, this Court ordered that the parties engage in limited discovery on the issue of Lamb's assertion of qualified immunity. The limited discovery was to include depositions of five individuals: Warren Lamb, Kathleen Beard, Therese Wolf, Nancy Szlezyngier, and Susan Schwartz.

In the past year, numerous disputes and production delays have slowed the limited discovery process. By late summer of this year, both parties moved the Court to intervene. On July 29, 2008, Plaintiff filed a "Motion for Leave to Continue and Extend Time of Depositions for Defendant Warren Lamb, Kathleen Beard, and Therese Wolf; to Compel Disclosure of Questions Previously Asked; and to Inspect the Original Department of Human Services Case Files." On August 14, 2008, defendants filed a "Motion for Protective Order Requesting this Court to Either Prohibit the Taking of Depositions of Szlezingier and Schwartz and/or to Impose a Thirty Day Deadline upon Plaintiff to Complete Limited Discovery and File a Response to Defendants' Rule 56 Motion." Both motions were referred to Magistrate Judge Paul J. Komives pursuant to 28 U.S.C. § 636(b)(1)(A). Magistrate Judge Komives heard argument on the motions on September 22, 2008, and thereafter granted Plaintiff's motion and denied defendants'. Presently before this Court are defendants' objections to Magistrate Judge Komives's rulings on those motions.

Rule 72(a) of the Federal Rules of Civil Procedure provides the standard of review this Court must apply when objections are filed with respect to a magistrate judge's ruling on non-dispositive matters. The rule provides in relevant part: "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside

2

any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The Court concludes that Magistrate Judge Komives's decisions are neither clearly erroneous nor contrary to law.

Defendants make no specific arguments that Magistrate Judge Komives's decisions are clearly erroneous or contrary to law; rather, they argue that this Court is "better equipped" to decide the motions to ensure compliance with the order for limited discovery. After reviewing the parties' motions and briefs and the transcript of the September 22, 2008, hearing, this Court is satisfied that Magistrate Judge Komives's orders facilitate compliance with the limited discovery order of this Court.

Nonetheless, the Court acknowledges Magistrate Judge Komives's statement that "the request to impose a thirty day deadline upon plaintiff to complete limited discovery and file a response to defendants' Rule 56 motion should be addressed to Judge Duggan." (Order Denying Defs' Mot. (Doc. 88)). The Court initially ordered limited discovery to balance the Plaintiff's interest in filing an informed response to defendants' motion for summary judgment with defendants' interests in limiting litigation expenses in a case where Lamb is potentially immune. After over a year of discovery, it is apparent that the parties require additional direction from this Court to achieve a proper balance between these interests. Therefore, the Court orders that the parties complete the limited discovery–including the depositions of Schwartz and Szlezyngier and the continued depositions of Wolf, Lamb, and Beard–by December 31, 2008, and that Plaintiff file his response to defendants' pending motion for summary judgment no later than January 21, 2009.

3

Accordingly,

**IT IS ORDERED** that defendants' objections to Magistrate Judge Komives's orders are **DENIED**.

**IT IS FURTHER ORDERED** that the parties complete limited discovery by **DECEMBER 31, 2008**.

**IT IS FURTHER ORDERED** that Plaintiff file his response to defendants' motion for summary judgment by **JANUARY 21, 2009**.

                                    s/PATRICK J. DUGGAN
                                    UNITED STATES DISTRICT JUDGE

Copies to:
Andre M. Sokolowski, Esq.
Michael Daoudi, Esq.
Kenneth L. Lewis, Esq.
Randal M. Brown, Esq.