UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK NORMAN CLEARY,

    Plaintiff,

v.

COUNTY OF MACOMB and WARREN
LAMB,

    Defendants,

_____/

Case No. 06-15505

Honorable Patrick J. Duggan

**<u>OPINION AND ORDER</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 21, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

After spending sixteen years in confinement for a charge that was later dismissed, Mark Norman Cleary ("Plaintiff") filed this lawsuit challenging the constitutionality of his arrest and prosecution. On March 24, 2009, however, this Court entered summary judgment in favor of defendants and dismissed Plaintiff's complaint. Presently pending before the Court is a motion for attorney fees and costs filed by defendants on April 22, 2009. The motion has been fully briefed.

**I. Background**

During a 1987 custody dispute with his ex-girlfriend, Plaintiff's then seven-year-old

daughter accused him of sexual molestation. The allegations were reported to Macomb County and investigated by Warren Lamb. Plaintiff was subsequently arrested, tried, and convicted of criminal sexual conduct in the first degree. Over ten years after the initial allegation, however, Plaintiff's daughter recanted. In December 2004 a Macomb County Circuit Court judge granted Plaintiff's motion for new trial and in February 2005 the Macomb County Prosecutor's Office moved to dismiss the charges against Plaintiff. In the meantime, Plaintiff had spent over sixteen years in prison.

Shortly after his release, Plaintiff filed a lawsuit against Macomb County and Lamb alleging violations of his constitutional rights. That case was filed on August 17, 2005, but was dismissed without prejudice by stipulated order on August 14, 2006. The stipulated order of dismissal warned Plaintiff that, should the matter be refiled against Macomb County or Lamb, "Defendants, upon the discretion of this Court, may be entitled to costs including, but not limited to, attorney fees and/or sanctions . . . ." (*Cleary v. Lamb*, No. 05-73180, Docket Entry 30.)

Plaintiff refiled the lawsuit on December 12, 2006. In the new complaint, Plaintiff alleged ten counts against eight defendants. After an initial series of motions, the case was reduced to Fourth and Fourteenth Amendment claims against Macomb County and Lamb (collectively "defendants"). Defendants filed a motion for summary judgment asserting qualified immunity on October 10, 2007. To allow Plaintiff to file an informed response to the motion, this Court ordered that the parties engage in limited discovery. Limited discovery closed December 31, 2008. After being fully briefed, the Court granted defendants' motion on March 24, 2009.

Now having succeeded in their motion, defendants request attorney fees and costs as provided for by the stipulated order of dismissal quoted above. Plaintiff opposes the motion. In all, defendants request $210,313.50 in attorney fees and $3,952.24 in costs. For the reasons set forth below, the Court denies defendants' motion.

**II. Procedure**

As an initial matter, Plaintiff contends that defendants' motion must be denied because it was filed more than 28 days after the Court's entry of judgment in violation of Eastern District of Michigan Local Rule 54.1. In reply, defendants concede that the motion was filed after the applicable time limit but seek an extension on the basis of excusable neglect or good cause. Specifically, defendants assert that the delay should be excused because lead counsel had to undergo emergency surgery on April 2, 2009, which was followed by nearly a month of medical leave. Furthermore, defendants note that this Court previously accepted Plaintiff's response to the motion for summary judgment although it was filed two days beyond the Court ordered due date. The Court is satisfied that defendants had good cause for filing their motion one day late and will therefore consider the merits of the motion.

**III. Attorney Fees**

Defendants argue that they are entitled to an award of attorney fees because of the stipulated dismissal in Plaintiff's prior case. The Court disagrees. Although the stipulated order of dismissal in Plaintiff's prior case authorizes the imposition of attorney fees, it does not mandate such an award. Notably, the order states that "Defendant, upon the *discretion* of the Court, *may* be entitled to costs including, but not limited to, attorney

3

fees and/or sanctions . . . ." (*Cleary v. Lamb*, No. 05-73180, Docket Entry 30 (emphasis added).) Acting upon this discretion, the Court will rely on established law to determine whether an award of attorney fees is appropriate in this case.

In civil rights actions brought pursuant to 42 U.S.C. § 1983, federal law provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." In exercising this discretion, however, the Court recognizes that "awarding attorney fees against a nonprevailing plaintiff . . . is 'an extreme sanction, and must be limited to truly egregious cases of misconduct.'" *Garner v. Cuyahoga County*, 554 F.3d 624, 635 (6th Cir. 2009) (*quoting Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986)). As a result, "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it became clearly so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S. Ct. 694, 701 (1978).[1] Furthermore, in conducting this analysis, "it is important that a district court resist the understandable temptation that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.*, 434 U.S. at 421-22, 98 S. Ct. at 700.

Although the Court ultimately dismissed Plaintiff's complaint, the Court does not conclude that Plaintiff's claims were frivolous, unreasonable, or groundless. In this case,

---

[1] Although *Christiansburg* dealt explicitly with the imposition of attorney fees in the context of a Title VII employment discrimination claim, the Sixth Circuit has previously recognized that the analysis is the same for 42 U.S.C. § 1983 actions. *Virostek v. Liberty Twp. Police Dep't/Trs.*, 14 Fed. Appx. 493, 510 (6th Cir. 2001).

4

discovery was necessary to evaluate Plaintiff's claims and, even once discovery was complete, it was no simple task to unravel and analyze the constitutional implications of events that took place approximately twenty years earlier. Furthermore, the Court's conclusion that defendants did not commit a constitutional violation is not tantamount to a finding that defendants conducted a flawless investigation in Plaintiff's criminal case. Under these circumstances, assessing attorney fees against Plaintiff would be inappropriate. *See Riddle v. Egensperger*, 266 F.3d 542, 551 (6th Cir. 2001) (discussing the assessment of attorney fees in cases where discovery is necessary to evaluate the merits of a complaint). Therefore, the Court denies defendants' motion for attorney fees.

## IV. Costs

The imposition of costs requires an analysis separate from that employed in the context of attorney fees.[2] Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "This language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 789 F.2d 728, 730 (6th Cir. 1986). The Sixth Circuit has "described several circumstances in which a denial of costs is a proper exercise of discretion under the rule." *Id.* Those circumstances include:

> cases where taxable expenditures by the prevailing party are unnecessary or unreasonably large, cases where the prevailing party should be

---

[2]To the extent defendants seek costs on the basis of the stipulated order of dismissal in Plaintiff's prior case, the Court again exercises its discretion to apply the standard analysis regarding the imposition of costs in civil rights cases.

> penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, and cases that are close and difficult.

*Id.* (quotations and citations omitted). Other factors, such as the losing party's indigency and good faith in bringing the action as well as public and private interests affected by the case, may be relevant to the decision of whether to impose costs, although those factors alone cannot justify a denial of costs to the prevailing party. *Id.* at 730, 733; *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001).

Despite the presumption in favor of awarding costs to a prevailing party, the Court concludes that an award of costs in this case would be unjust. Plaintiff's claims presented close and difficult issues. As even defendants acknowledge, "Plaintiff's claims proved difficult in having to sift through documents more than 20 years old to recount the steps of both the Plaintiff and the Defendants during investigation and prosecution of the Plaintiff," and "both parties counsel had to display a great deal of legal acumen to parse through the documents to determine if Plaintiff had a viable cause of action . . . ." (Def.'s Mot. At 7.) As it relates to the issue of awarding costs, "[t]he closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *White & White*, 786 F.2d at 732-33. Although the law of the case was relatively straightforward, the analysis of Plaintiff's claims required a careful and complex reconstruction of the events that led to Plaintiff's arrest and prosecution. Specifically, the analysis required a determination of who knew

6

what and when they knew it—a task, difficult in itself, made more difficult by the passage of approximately twenty years. Given this difficulty, the Court believes it appropriate for both parties to bear their own costs in this litigation.

Other factors also contribute to the Court's conclusion that an award of costs would be unjust in this case. Under all the circumstances, the Court believes that Plaintiff's claims were brought in good faith, that the pursuit of his claims was beneficial to public and private interests, and that fairness requires consideration of Plaintiff's ability to pay in light of the events that led to this litigation.

In the end, Plaintiff spent over sixteen years in prison for a crime he did not commit. Such a failure of the justice system inevitably leads to the question, "What went wrong?" When Plaintiff initiated this lawsuit, he had reason to believe that defendants were at least partially to blame for his conviction and subsequent confinement. As such, the litigation process was not merely a waste of time and resources. Indeed, it was necessary that this case proceed through limited discovery to ensure that the actions of state officials had not caused the deprivation. The loss of sixteen years of an innocent man's life should not be taken lightly and, although the Court determined that defendants could not be held to account for Plaintiff's loss of freedom under the prevailing constitutional standards, this case should serve as a reminder to defendants, and all others involved in law enforcement, of the need for honest and diligent criminal investigations.

Finally, the Court believes that Plaintiff's financial situation deserves consideration in deciding whether to award costs. Although defendants are not constitutionally responsible for Plaintiff's conviction, Plaintiff was undeniably deprived of the ability and

opportunity to earn a living for over sixteen years and now, having been released from prison, he is struggling to meet his own personal needs. To assess defendants' costs against Plaintiff under these circumstances seems patently unfair.

## V. Conclusion

Despite defendants' argument to the contrary, the stipulated order of dismissal in Plaintiff's prior case does nothing to entitle defendants to an award of attorney fees and costs. Acting under the discretion provided by that order and by federal law, the Court concludes that assessing attorney fees and costs against Plaintiff would be inappropriate in this case.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Attorney Fees and Costs is **DENIED**.

                                               s/PATRICK J. DUGGAN
                                               UNITED STATES DISTRICT JUDGE

Copies to:
Andre M. Sokolowski, Esq.
Michael Daoudi, Esq.
Kenneth L. Lewis, Esq.
Randal M. Brown, Esq.